IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AARON L. LEWIS,

    Petitioner,               No. CIV S-01-0591 FCD JFM P

    vs.

ERNEST ROE, Warden,

    Respondent.            <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 1998 conviction on charges of attempted murder, assault with a deadly weapons, and residential burglary. Petitioner claims that he received ineffective assistance of trial counsel and appellate counsel. Petitioner also claims that his conviction was obtained pursuant to evidence obtained from an unlawful arrest, and from an unlawful search and seizure.

/////
/////
/////
/////
/////

1

FACTS[1]

In the early morning hours of July 21, 1997, 23-year-old Vince Lombardi awoke to find [petitioner] in his apartment, repeatedly beating him over the head with a crowbar. After a violent struggle, [petitioner] fled. Lombardi briefly called his parents and then immediately called 911 and reported the attack. He described [petitioner] to the operator. He was still on the line with the 911 dispatcher when the police arrived. Minutes later, at about 3:45 a.m., [petitioner] was stopped at a nearby intersection by police officers responding to the assault report. Officer Robert Horel, who stopped [petitioner], had been told by the dispatcher that the suspect was a black male about 5'8" tall. Horel had been told by John Uldall, an officer on the scene, that the suspect was a black male in a white pickup truck. As he responded, Horel saw appellate driving a white pickup truck. [Petitioner] turned away, refusing to making eye contact and appeared to be sweating, although the night was cool. Upon stopping [petitioner], Horel saw [petitioner]'s hands, face and clothes were covered with blood. A bloody crowbar and more bloody clothes were found in the trunk. According to the defense, [petitioner] did not break in to the apartment or attack Lombardi. Rather, [petitioner] came to Lombardi's door at 3 a.m. and "mutual combat" ensured.

(People v. Lewis, slip op. at 2.)

ANALYSIS

I. <u>Standards for a Writ of Habeas Corpus</u>

Federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

/////

---

[1] The facts are taken from the opinion of the California Court of Appeal for the First Appellate District in People v. Lewis and In Re Aaron Lee Lewis, Nos A085312 and A087966 (Jan. 27, 2000), a copy of which is attached as Exhibit A to Petitioner's Supplemental Brief, filed June 25, 2001.

Under section 2254(d)(1), a state court decision is "contrary to" clearly established United States Supreme Court precedents if it applies a rule that contradicts the governing law set forth in Supreme Court cases, or if it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at different result. Early v. Packer, 537 U.S. 3, 7 (2002) (citing Williams v. Taylor, 529 U.S. 362, 405-406 (2000)).

Under the "unreasonable application" clause of section 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. Williams, 529 U.S. at 413. A federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 412; see also Lockyer v. Andrade, 538 U.S. 63, 123 S.Ct. 1166, 1175 (2003) (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'")

The court looks to the last reasoned state court decision as the basis for the state court judgment. Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002). Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under section 2254(d). Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000).

II. Petitioner's Claims

    A. Ineffective Assistance of Trial Counsel

Petitioner's first claim for relief is that his trial counsel was ineffective in failing, during the hearing on a motion to suppress filed by petitioner, to raise a "Harvey-Madden objection" or to object to the arresting officer's testimony concerning information he received from the dispatcher or the other officer at the scene on the grounds that the prosecution had not

shown how the dispatcher or the other officer received that information. (Petitioner's Supplemental Brief, at 9.)

Petitioner claimed on direct appeal that his arrest violated the so-called Harvey-Madden rule. See discussion, infra. (Petitioner's Ex. A, at 2.) The state court of appeal rejected the claim on the ground that petitioner had waived the claim by not raising it in the trial court. (Id. at 3.) Petitioner's claim that his counsel was ineffective for failing to make the objection was subsequently raised by petitioner in a petition for writ of habeas corpus filed in the California Supreme Court on September 11, 2000. (Respondent's Ex. F.) That petition was denied in an order that contained no statement of reasons for the decision. (Id.)

A claim of constitutionally ineffective assistance of counsel has two elements. See Strickland v. Washington, 466 U.S. 668 (1984). First, a petitioner must show that, considering all the circumstances, counsel's performance fell below an objective standard of reasonableness. Strickland, 466 U.S. at 688. To this end, petitioner must identify the acts or omissions that are alleged not to have been the result of reasonable professional judgment. Id. at 690. The federal court must then determine whether in light of all the circumstances, the identified acts or omissions were outside the wide range of professional competent assistance. Id. "We strongly presume that counsel's conduct was within the wide range of reasonable assistance, and that he exercised acceptable professional judgment in all significant decisions made." Hughes v. Borg, 898 F.2d 695, 702 (9th Cir. 1990) (citing Strickland, 466 U.S. at 689).

Second, a petitioner must affirmatively prove prejudice. Strickland, 466 U.S. at 693. Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." Id.; see also Williams v. Taylor, 529 U.S. at 391-92; Laboa v. Calderon, 224 F.3d 972, 981 (9th Cir. 2000). A reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . .

. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." Pizzuto v. Arave, 280 F.3d 949, 955 (9th Cir. 2002) (quoting Strickland, 466 U.S. at 697).

Petitioner claims that his trial counsel was ineffective for failing to interpose a so-called "Harvey-Madden" objection during the hearing on his motion to suppress. Such an objection is based on

> an evidentiary rule drawn from *People v. Harvey* (1958) 156 Cal.App.2d 516, 319 P.2d 689 and *People v. Madden* (1970) 2 Cal.3d 1017, 88 Cal.Rptr. 171, 471 P.2d 971, that "govern[s] the manner in which the prosecution may prove the underlying grounds for arrest when the authority to arrest has been transmitted to the arresting officer through police channels. [Citation.]" (*People v. Collins* (1997) 59 Cal.App.4th 988, 993, 69 Cal.Rptr.2d 544.)
>
> It is well settled under California law that an officer may arrest an individual on the basis of information and probable cause supplied by another officer. (*People v. Ramirez*, *supra*, 59 Cal.App.4th 1548, 1553, 70 Cal.Rptr.2d 341.) "[H]owever, ... when the first officer passes off information through 'official channels' that leads to arrest, the officer must also show basis for his probable cause. In other words, the so-called 'Harvey-Madden' rule requires the basis for the first officer's probable cause must be 'something other than the imagination of an officer who does not become a witness.' [Citation.]" (*Ibid*.)

People v. Gomez, 117 Cal.App.4th 531, 540 (2004). See also Petitioner's Ex. A, People v. Lewis, slip op. at 2-3.

Petitioner has not shown that a Harvey-Madden objection would have been sustained or resulted in the granting of petitioner's motion to suppress evidence. Specifically, petitioner has made no showing that either the dispatcher or Officer Uldall lacked probable cause for the information they provided to Officer Horel. Petitioner has made no showing of prejudice from counsel's failure to interpose such an objection. For this reason, petitioner's first claim for relief should be denied.

/////

/////

B. Ineffective Assistance of Appellate Counsel

Petitioner's second claim is that he received ineffective assistance of appellate counsel when his appellate counsel failed to raise the issue of ineffective assistance of trial counsel on direct appeal.[2]  For the reasons set forth in section IIA, supra, the claim of ineffective assistance of trial counsel is without merit.  A fortiori, appellate counsel was not ineffective for failing to raise the claim.  Petitioner's second claim for relief should be denied.

C. Probable Cause for the Arrest

Petitioner's third claim is the information provided to Officer Horel by the dispatcher did not establish probable cause to arrest petitioner, that his arrest was therefore unlawful, and that his conviction must be overturned as it was obtained through evidence secured pursuant to that unlawful arrest.

Petitioner is not entitled to relief on this claim, which arises under the Fourth Amendment, "if he received a full and fair opportunity to litigate that claim in state court." Villafuerte v. Stewart, 111 F.3d 616, 626 (9th Cir. 1997) (citing Stone v. Powell, 428 U.S. 465, 494, 96 S.Ct. 3037, 3052, 49 L.Ed.2d 1067 (1976)).  "The relevant inquiry is whether petitioner had the opportunity to litigate his claim, not whether he did in fact do so or even whether the claim was correctly decided." Ortiz-Sandoval v. Gomez, 81 F.3d 891, 899 (9th Cir. 1996). California Penal Code § 1538.5 provides criminal defendants in California an opportunity to

---

[2] Petitioner identifies several other issues that he contends counsel should have raised on direct appeal, including several issues on direct appeal, including (1) improper restriction of petitioner's right to cross-examine witnesses during trial; (2) trial court error in ruling that petitioner's prior convictions could be admitted for impeachment purposes if petitioner testified; (3) improper admission of petitioner's statement to police at the time of his arrest; (4) improper evidentiary rulings during trial and the trial court's refusal to strike non-responsive testimony; (5) the trial court's refusal to include jury instructions on self-defense and/or lesser included offense; (6) the trial court's ruling that petitioner's right to question Lombardi about drug use prior to the incident and to question expert witnesses on that issue was contingent on admission of a tape-recording of Lombardi's 911 call; and (7) trial court error in responding orally through the bailiff to a note from the jury foreperson without notifying counsel.  However, petitioner provides no supporting argument or evidence concerning these allegations of error.

1  move to suppress evidence on the ground that it was obtained in violation of the Fourth
2  Amendment.  See Gordon v. Duran, 895 F.2d 610, 613 (9th Cir. 1990).
3       Petitioner had an opportunity to litigate this claim in state court.  He is therefore
4  not entitled to relief on the claim in this court.  See Stone v. Powell, supra.
5    D.  Illegal Search
6       Petitioner's fourth claim is that the trial court erred in denying his motion to
7  suppress evidence unlawfully seized from his truck.  For the reasons set forth in section IIC,
8  supra, petitioner is not entitled to relief on this claim in this federal habeas corpus action.
9       For all of the foregoing reasons, IT IS HEREBY RECOMMENDED that
10 petitioner's application for a writ of habeas corpus be denied.
11      These findings and recommendations are submitted to the United States District
12 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
13 days after being served with these findings and recommendations, any party may file written
14 objections with the court and serve a copy on all parties.  Such a document should be captioned
15 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
16 shall be served and filed within ten days after service of the objections.  The parties are advised
17 that failure to file objections within the specified time may waive the right to appeal the District
18 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
19 DATED: June 16, 2005.

_/s/ John F. Moulds_
UNITED STATES MAGISTRATE JUDGE

23 12
24 lewi0591.157