1

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8                    FOR THE EASTERN DISTRICT OF CALIFORNIA

9    AARON L. LEWIS,

10             Petitioner,                    No. CIV S-01-0591 FCD JFM P

11        vs.

12   ERNEST ROE, Warden,

13             Respondent.              ORDER

14   _____/

15            Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas

16   corpus pursuant to 28 U.S.C. § 2254.  On May 13, 2005, petitioner filed a motion for release on

17   bond and/or his own personal recognizance pending a decision on his petition.

18            It is firmly established that it is within the inherent power of a district court to

19   enlarge a state prisoner on bond pending hearing and decision on his application for a writ of

20   habeas corpus.  See e.g., In re Wainwright, 518 F.2d 173, 174 (5th Cir. 1975); United States ex

21   rel. Thomas v. New Jersey, 472 F.2d 735, 743 (3d Cir.), cert. denied, 414 U.S. 878 (1973);

22   Woodcock v. Donnelly, 470 F.2d 93, 94 (1st Cir. 1972) (per curiam).  However, the bail standard

23   for a person seeking collateral review is markedly different from the standard applied to a pretrial

24   detainee.  Persons accused of crimes and awaiting trial are presumed innocent and thus enjoy an

25   Eighth Amendment right to be free from excessive bail.  Stack v. Boyle, 342 U.S. 1, 4 (1951).  In

26   contrast, a habeas corpus petitioner requesting postconviction relief has already been convicted

1

1  and thus is no longer presumed innocent and no longer enjoys a constitutional right to freedom,

2  however conditional.  Aronson v. May, 85 S. Ct. 3 (1964) (Douglas, J., in chambers); Glynn v.

3  Donnelly, 470 F.2d 95, 98 (1st Cir. 1972).

4  In a Ninth Circuit case decided prior to Aronson, it was held that:

5  It would not be appropriate for us at this stage of the proceeding to
   enlarge this petitioner on bail even if we found that the allegations
6  of his petition for habeas corpus made out a clear case for his
   release.  Something more than that is required before we would be
7  justified in granting bail.  (Emphasis added.) (Footnote omitted.)

8  Benson v. California, 328 F.2d 159, 162 (9th Cir. 1964).  In Aronson, which cites the Ninth

9  Circuit's decision in Benson, an applicant requested bail pending appeal from the denial of his

10  petition for writ of habeas corpus.  Justice Douglas set forth the following guidelines for

11  determining when a habeas corpus petitioner could be released on bail:

12  In this kind of case it is therefore necessary to inquire whether, in
    addition to there being  substantial questions presented by the
13  appeal, there is some circumstance making this application
    exceptional and deserving of special treatment in the interests of
14  justice.  See Benson v. California, 328 F.2d 159 (9th Cir. 1964).

15  Aronson, 85 S. Ct. at 5 (emphasis added).  Thus, Aronson requires a petitioner to demonstrate

16  that his underlying claim raises substantial questions and that his case presents exceptional

17  circumstances.[1]

18  Moreover, a number of cases interpreting the first test of the Aronson analysis

19  have required that petitioner's claims be more than substantial.  See, e.g., Calley v. Callaway, 496

20  F.2d 701, 702 (5th Cir. 1974) (per curiam) (bail should be granted to a military prisoner pending

21  post-conviction relief only when petitioner raises substantial constitutional claims upon which he

22

23  [1]  But see Land v. Deeds, 878 F.2d 318 (9th Cir. 1989) (defining test as requiring *either*
    special circumstances *or* a high probability of success) (citing Aronson v. May, 85 S. Ct. 3, 5
24  (1964)).  Although the test in Land appears to be different because it requires either special
    circumstances or a high probability of success, whereas Benson appears to require both prongs,
25  Land was not an *en banc* decision, and cannot overrule another panel.  Possibly, Land's use of
    the word "or" was inadvertent.  Therefore, Benson remains good law especially in light of
26  Aronson.

1   has a high probability of success and when extraordinary or exceptional circumstances exist);

2   Glynn v. Donnelly, 470 F.2d 95, 98 (1st Cir. 1972) (court will not grant bail unless petitioner

3   presents not only a clear case on the law but a readily apparent case on the facts); see also

4   Richardson v. Wilhelm, 587 F. Supp. 24, 25 (D. Nev. 1984); Monroe v. State Court of Fulton

5   County, 560 F. Supp. 542, 545 (N.D. Ga. 1983).

6          Courts have also narrowly construed the second test of the Aronson analysis;

7   namely, that petitioner show that his case presents exceptional circumstances justifying relief.

8   See Calley, 496 F.2d at 702.  Exceptional circumstances may be found and, in the court's

9   discretion, warrant a petitioner's release on bail where:  (1) petitioner's health is seriously

10  deteriorating while he is incarcerated, Woodcock v. Donnelly, 470 F.2d 93 (1st Cir. 1972) (per

11  curiam); Johnston v. Marsh, 227 F.2d 528 (3rd Cir. 1955); (2) there is an extraordinary delay in

12  the processing of a petition, Glynn, 470 F.2d at 95; and (3) the petitioner's sentence would be

13  completed before meaningful collateral review could be had, Boyer v. City of Orlando, 402 F.2d

14  966 (5th Cir. 1968) (bail granted where court concluded petitioner should present claims to state

15  courts, despite state courts' precedents denying relief for his claim, and feared petitioner's

16  sentence would run before exhaustion could be completed); see also Goodman v. Ault, 358 F.

17  Supp. 743 (N.D. Ga. 1973).

18         For the reasons set forth in the findings and recommendations issued concurrently

19  with this order, petitioner's claims are without merit.  Accordingly, IT IS HEREBY ORDERED

20  that petitioner's May 13, 2005 motion for release on bond and/or his own recognizance is denied.

21  DATED: June 16, 2005.

22

23                                                    _____
                                                      UNITED STATES MAGISTRATE JUDGE
24

25  12;lewi0591.113

26

3